UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CR-60317-BLOOM

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

EDWARD SACHS,

        Defendant.
_____/

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant Edward Sachs respectfully submits this Memorandum in Aid of Sentencing. Mr. Sachs' sentencing is scheduled for June 16, 2016. For the reasons stated below, Mr. Sachs asks the Court to impose a sentence of no more than 14 months ("the requested sentence"). Mr. Sachs submits that the requested sentence is a reasonable sentence that is sufficient but not greater than necessary to achieve the objectives listed in 18 U.S.C. §3553(b). Most significantly, it accurately reflects the limited role that Mr. Sachs personally played in the conspiracy and his substantial assistance in the investigation and prosecution of others[1].

### DISCUSSION OF THE 18 U.S.C. 3553 FACTORS

Title 18, United States Code, Section §3553(a) contains the factors the Court must apply in devising a reasonable sentence. Importantly, this statute contains "an overarching provision instructing district courts to impose a sentence sufficient, but not greater than necessary to

---

[1] Mr. Sachs anticipates and hopes that the Government will be filing a motion pursuant to §5K1.1 to formally acknowledge his substantial assistance. Regardless, this Court can and should consider that cooperation in weighing the §3553 factors.

{6131955:}

accomplish the goals of sentencing under that provision." *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007).  The §3553(a) factors are:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. §3553(a)(1)-(7).

"It has been uniform and consistent in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). To accomplish this goal, the Court must impose a sentence that is both procedurally and substantively reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).   For a sentence to be procedurally sound the Court must correctly calculate the advisory guideline range, treat the guidelines as advisory, consider all the factors set forth in 18 U.S.C. §3553(a), set forth factual findings on the record, and provide an adequate explanation for the sentence imposed. *Id*. In fashioning a reasonable sentence, the Court has considerable discretion to weigh each of the §3553(a) factors.  Unless otherwise limited by law, the Court may consider, without limitation, any "information concerning the background, character, and conduct of" the defendant.  18 U.S.C. §3661; U.S.S.G. §1B1.4.

With the guidelines only advisory, *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), the ultimate goal is a reasonable sentence, *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005), and one which is no greater than necessary.  18 U.S.C. §3553(a).  A sentencing court "must not presume that the Guidelines range is reasonable" but instead "must make an individualized assessment based on the facts presented." *Id*.  "There are . . . many instances where the Guideline range will not yield a reasonable sentence." *United States v. Hunt*, 459 F.3d 1180, 1185 (11th Cir. 2006); *see also Nelson v. United States*, 129 S. Ct. 890, 892 (2007) (holding that "the Guidelines are not only *not mandatory* on sentencing courts; they are *not presumed reasonable*")(emphasis in the original).  It is the sentencing court's duty to "make its own reasonable application of the 3553(a) factors, and to reject the advice of the Guidelines" if after due consideration the result they suggest does not comport with the sentencing court's view of an appropriate sentence. *Kimbrough*, 128 S. Ct at 577 (Scalia concurring).

## THE SECTION 3553(a) FACTORS

### The Nature And Circumstances Of The Offense

The nature and circumstances of the offense are that Sachs was recruited to work at Oxford City to solicit investors.  Mr. Sachs worked for approximately 8 months as a "closer" knowing that he and others were making false representations to investors.  While Mr. Sachs fully accepts responsibility for his illegal conduct, it is important to clarify what Mr. Sachs did *not* do.  He did not initiate the criminal scheme; he did not set up the phone rooms; he did not concoct the false statements that were made to investors; he did not supervise others; he did not direct others to purchase Oxford City stock at inflated prices.

**History And Characteristics Of The Defendant**

Edward Sachs is a 56 year old divorced man with no children. He enlisted in the U.S. Air Force at age 20 and was honorably discharged four years later. He has no prior criminal history, other than a DUI. He has paid his taxes as required.

Consistent with his acceptance of responsibility in this case, Mr. Sachs has fully cooperated with the Government since being notified of this investigation. Had the case gone to trial, Mr. Sachs likely would have been called as a witness against his codefendants. His cooperation and willingness to testify helped lead to the guilty plea of at least one co-defendant.

**The Need For The Sentence To Reflect The Seriousness Of The Offense, To Promote Respect For The Law, And To Provide Just Punishment**

The offense of conviction was a scheme to defraud investors into purchasing stock in Oxford City. As noted above, although Mr. Sachs participated in the scheme, he did not initiate it, nor did he receive the bulk of the financial benefit. Mr. Sachs submits that the requested sentence sends the proper message that this kind of conduct will be punished appropriately, but not excessively. Respect for the law is undermined both by sentences that are too short and sentences that are too long. The requested sentence is a just punishment. For a 56 year old man with no prior contact with the criminal justice system, it is a meaningful sanction.

**The Need To Afford Adequate Deterrence To Others**

The Court should give some, but limited, weight to this sentencing factor. This factor incorporates the concept of general deterrence, or "sending a message" to others that this kind of behavior is unacceptable and will be punished. In applying this factor, the Court must balance the need to impose a sentence that is severe enough to deter others with the need to not unduly punish Mr. Sachs. General deterrence looks to what punishment is necessary to persuade others not to commit similar crimes. As such, it allows for punishment that is disproportionately

greater than what is necessary to punish and deter the specific offender. For that reason, if this factor is given too much weight, it can undercut respect for the law by sending the message that the unlucky individual who gets caught will be overly punished whereas the offender who does not get caught will not be punished at all.

Here, any message arising from Mr. Sachs' sentencing is unlikely to be widely heard. Although the United States Attorney will issue a press release, it is not likely to receive broad public attention. Moreover, the few months' marginal difference between the requested sentence and the advisory Guideline sentence is unlikely to materially diminish the deterrent effect of the sentence. For these reasons, the Court should give limited weight to this sentencing factor.

### The Need To Protect The Public

This sentencing factor incorporates the concept of direct deterrence, that is, the need to prevent future crimes by Mr. Sachs. The Court should give this factor very little weight. Based on his living a law-biding life previously, there is every reason to believe that Mr. Sachs will be a law-biding citizen in the future.

### The Need To Provide The Defendant With Educational Or Vocational Training Or Medical Care

Mr. Sachs has no specialized educational, medical, or vocational needs.

### The Kinds Of Sentences Available

Title 18, United States Code, permits the Court to impose several different kinds of sentences, ranging from probation and home detention to a period of incarceration. As noted in the Presentence Report, Mr. Sachs does not have the ability to pay a fine. The Court must impose a period of supervision and restitution.

### The Sentencing Guidelines Range And The Pertinent Policy Statements Of The Sentencing Commission

The PSI computes an advisory sentencing range of 27-33 months based on a Total Offense Level 18 and criminal history category I.  The advisory Guideline range does not accurately reflect Mr. Sachs' individual culpability and does not balance the §3553 factors in a way that results in a sentence that is sufficient but not greater than necessary to achieve the goals of §3553. Mr. Sachs received a 12 point increase in his offense level because the loss amount was between $250,000 and $550,000.  The parties agree that the amount attributable to Mr. Sachs is $269,000.  Had it been only $20,000 less, the Guideline range would only have been increased by 10 levels and the advisory guideline range would be 21-27 months.  Moreover, the advisory Guideline range does not account for Mr. Sach's substantial assistance to the Government.

### The Need To Avoid Unwanted Sentencing Disparities

The only co-defendant sentenced to date is Thomas Guerriero, who masterminded the entire criminal enterprise and reaped the vast majority of the financial benefit.  Guerriero was sentenced to 151 months.  Clearly, Mr. Sachs should receive a substantially lower sentence than Guerriero.

### The Need To Provide Restitution To Victims

The Presentence Report recommends that the Court schedule a separate restitution hearing for Mr. Sachs within 90 days of sentencing. Mr. Sachs does not object to that procedure. He requests, however, that in its ultimate restitution order, the Court not order him to be jointly and severally liable for the full restitution amount. Instead, the Court should exercise its discretion to apportion liability among the co-defendants to reflect their individual contribution to the victims' losses and their particular economic circumstances. *See* 18 U.S.C. §3664(h).

### Voluntary Surrender is Appropriate if the Court Orders Incarceration

Mr. Sachs has complied with all of his conditions of supervised release. Title 18, U.S.C. §1343(a) gives the Court discretion to release a person awaiting execution of sentence if the Court finds by clear and convincing evidence that the person is neither likely to flee nor poses a danger to any person or the community. There is clear and convincing evidence that Mr. Sachs will neither flee nor pose a danger to the community.

The Court should exercise its discretion to permit Mr. Sachs to surrender. Being remanded into custody has adverse consequences for a defendant's Bureau of Prisons security level and, therefore, his designation. Bureau of Prisons Program Statement 5100.08 provides for "the subtraction of three points from the Security Point Total … when the judgment indicates the inmate was allowed to voluntarily surrender." Ch. 4, p 5. In other words, the Bureau of Prisons draws a positive inference from the Court's determination that the defendant is sufficiently trustworthy to surrender voluntarily. This inference can help a defendant serve a sentence in a lower security facility.

Finally, Mr. Sachs asks the Court to recommend that he serve any period of incarceration at the federal prison camp in Montgomery, Alabama.

## CONCLUSION

**WHEREFORE**, it is respectfully requested that the Court impose a sentence of no more than 14 months incarceration, no fine, and restitution as determined at a separate hearing. It is further requested that the Court permit Mr. Sachs to self-surrender, and recommend that he be designated to the federal prison camp in Montgomery, Alabama.

Respectfully submitted,

 /s/ Bruce E. Reinhart
BRUCE E. REINHART
Florida Bar No. 10762
McDonald Hopkins LLC
505 S. Flagler Drive, Suite 300
West Palm Beach, FL 33401
Telephone: (561) 472-2970
Facsimile:  (561) 472-2122
breinhart@mcdonaldhopkins.com


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 31, 2016, I electronically filed the foregoing Memorandum in Aid of Sentencing with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record and on U.S. Probation Officer Nicole Pender, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Bruce E. Reinhart