UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CR-60317-BLOOM/VALLE

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOSEPH LOISH, et.al.,

        Defendants.

_____/

**POSITION OF DEFENDANT WITH RESPECT TO
SENTENCING FACTORS AND REQUEST FOR DOWNWARD VARIANCE**

    COMES NOW undersigned counsel for Defendant Joseph Loish and files this, his Position of Defendant with Respect to Sentencing Factors and Request for Downward Variance and would furthermore state as follows:

    1.    Joseph Loish was arrested on December 11, 2015 and charged with one count of conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 1349. Mr. Loish was released on a one hundred fifty thousand dollar ($150,000.00) personal surety bond on December 14, 2015. Since the date of his release he has not violated any of the terms of his release and remains at liberty pending sentencing in this matter which is scheduled for July 8, 2016.

    2.    Mr. Loish is a 59 year old, Pennsylvania born, former U.S. Army service man who has lived in South Florida since the late 1970's. Other than having an alcohol problem back in the day which lead to some minor brushes with the law, he had remained a law abiding citizen.

3. This case emanates from an investigation into a securities fraud operation spearheaded by Thomas A. Guerriero and his partners, Stuart Rubens and Peter Kirshner. The Oxford City Football Club fiasco began in or about July, 2013 and continued through July, 2015. Mr. Loish worked at Oxford City Football Club from January 2014 through early May 2014. His involvement was deemed minimal compared to others and he is being held accountable for the amount of money he generated during his tenure at Oxford. Mr. Loish has demonstrated his remorse and takes complete responsibility. This is reflected in his acceptance statement which is at paragraph 36 of the Presentence Investigation Report and another letter which this Honorable Court should have received from Clara Lyons, the Probation Officer assigned to this Presentence Investigation Report. Mr. Loish can be described as a person that for the most part had good intentions, but unfortunately was led astray by his need for money to live on. Additionally, he was led astray by the representations made by Mr. Guerriero and others and was essentially mislead and deceived by Guerriero and others.

4. With regard to the Presentence Investigation Report, Mr. Loish would contend that at paragraph 74 the gambling problem is not a problem and he has been able to avoid gambling since six months ago when he started playing poker on a regular basis. He feels he does not need any help for this matter.

5. Mr. Loish would respectfully be seeking a variance from the Advisory Guidelines and would be asking that this Honorable Court consider a sentence of probation, without any home detention or imprisonment. The Defendant's total offense level is 11 with a Guideline imprisonment range of 8 to 14 months which is in Zone B of

the Sentencing Table wherein this Court has the option of sentencing Mr. Loish to probation, however, without varying from the Advisory Sentencing Guidelines, would have to include a condition of intermittent confinement or home detention in lieu of imprisonment.

6.     The Defendant was involved for only four months and generated an approximate income of $25,000.00 based upon an estimated $250,000.00 invested by the victims of the Oxford City Football Club.

## **MEMORANDUM OF LAW**

Pursuant to Title 18, United States Code, Section 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in subparagraph (a)(2). As the Court is well aware, due to the mandatory aspect of subsection (b)(1) being held unconstitutional by *United States v. Booker*, 543 US. 220, (2005), Title 18, United States Code, section 3553(a) is purely advisory for the Court. This allows the Court to use its discretion to deviate from the guidelines if there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.

To determine a reasonable sentence the District Court must consider several factors in addition to the Advisory Federal Sentencing Guidelines enumerated in Title 18, United States Code, Section 3553. These factors are as follows:

(1) the nature and circumstances of the offense and the history and the characteristics of the defendant; (2) the need for the sentence imposed - (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of the defendant as set forth in the Guidelines issued by the Sentencing Commission that are in effect on the date Defendant is sentenced; (5) any pertinent policy statements issued by the Sentencing Commission (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Fortunately, the Section 3553(a) factors and the advisory nature of the Guidelines have given this Honorable Court discretion in which to fashion a sentence that is sufficient but not greater than necessary to comply with the purpose set forth in the section 3553(a) factors.

WHEREFORE, the undersigned would respectfully request that this Honorable Court vary from the Guidelines and sentence Mr. Loish to probation.

                Respectfully submit,

                By: __/s/ Albert Z. Levin___
                ALBERT Z. LEVIN, P.A.

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By:   /s/ Albert Z. Levin

ALBERT Z. LEVIN, P.A.

Courthouse Center
40 N.W. 3rd Street, Suite 200
Miami, Florida 33128
Telephone: (305) 379-7101
Facsimile: (305) 381-6869
Florida Bar No. 316581
albert@albertlevinlaw.com