IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CR-60317-JUDGE BLOOM

UNITED STATES OF AMERICA,

     Plaintiff/Appellee,

vs.                                    NOTICE OF APPEAL

DIANA P. LOVERA,

     Defendant/Appellant.

_____/

     NOTICE HEREBY IS GIVEN that Diana P. Lovera, Defendant in the above-styled action, appeals to the United States Court of Appeals for the Eleventh Circuit, from the Amended Judgment entered in this cause on November 28, 2016, and docketed as Docket Entry No. 421. The judgment appealed is an amended judgment sentencing Diana P. Lovera to a prison term to be followed by a term of supervised release, and ordering the payment of restitution in an amount exceeding $6,300,000.00.

Page 1 of 3

The filing fee is not paid because Ms. Lovera has been found to be indigent, and is proceeding on appeal through her recently appointed CJA counsel.

Respectfully submitted,

*Sheryl J. Lowenthal*

Sheryl J. Lowenthal
CJA Appellate Counsel for Ms. Lovera

Dated:  December 6, 2016

A copy of the Amended Judgment is filed with this Notice

# CERTIFICATE OF SERVICE
## & ECF COMPLIANCE

I hereby certify that this Notice was filed with the Clerk of Court, Southern District of Florida, *via* ECF on this 6th day of December, 2016, and that the notice will be provided to all counsel of record who are registered with the ECF system, including Roger Cruz, Assistant United States Attorney, Miami; Kevin B. Hart, U.S. Department of Justice, Antitrust Division, Washington, D.C.; Michelle B. Alvarez, Assistant United States Attorney, Miami; and Rebecca D. Ryan, U.S. Department of Justice, Washington, D.C.

Respectfully submitted,

*Sheryl J. Lowenthal*
Sheryl J. Lowenthal
CJA Appellate Counsel for Ms. Lovera
9130 S Dadeland Blvd.   Suite 1511
Miami, Florida 33156-7851
Ph:  305-670-3360
Fax:  305-670-1314
E-Mail:   sjlowenthal@appeals.net
Florida Bar No. 163475

Page 3 of 3

# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Fort Lauderdale Division

**UNITED STATES OF AMERICA**
v.
**DIANA P. LOVERA**

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: **15-60317-CR-BLOOM-002**
USM Number: **11253-104**

*Reason for Amendment: Hearing Held on 11/28/16. Restitution imposed on 11/28/16*

*Date of Original Judgment: 7/28/2016*

Counsel For Defendant: **David Stuart Seltzer, Esq.**
Counsel For The United States: **Roger Cruz, AUSA**
Court Reporter: **Yvette Hernandez**

**The defendant pleaded guilty to count one of the Indictment.**

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to commit wire and mail fraud | 07/01/2015 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**All remaining counts are dismissed on the motion of the government.**

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Amended Sentence: **11/28/2016**

_____

**Beth Bloom**
**United States District Judge**

Date:  11/28/2016

DEFENDANT: **DIANA P. LOVERA**
CASE NUMBER: **15-60317-CR-BLOOM-002**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **20 months as to count one of the Indictment**.

**The court makes the following recommendations to the Bureau of Prisons: That the defendant be designated to a facility in the Southern District of Florida for visitation with her young children.**

**<u>*The defendant shall self-surrender to the designated facility or the US Marshal for the Southern District of Florida (301 North Miami Avenue, Miami, Florida, 2nd Floor) on or before noon on Wednesday, November 30, 2016.*</u>**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **DIANA P. LOVERA**
CASE NUMBER: **15-60317-CR-BLOOM-002**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to count one of the Indictment**.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **DIANA P. LOVERA**
CASE NUMBER: **15-60317-CR-BLOOM-002**

### SPECIAL CONDITIONS OF SUPERVISION

**<u>Financial Disclosure Requirement</u>** - The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**<u>No New Debt Restriction</u>** - The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**<u>Related Concern Restriction</u>** - The defendant shall not own, operate, act as a consultant, be employed in, or participate in any manner, in any related concern during the period of supervision.

**<u>Self-Employment Restriction</u>** - The defendant shall obtain prior written approval from the Court before entering into any self-employment.

DEFENDANT: **DIANA P. LOVERA**
CASE NUMBER: **15-60317-CR-BLOOM-002**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $100.00 | $0.00 | $6,314.010.91 |

**The defendant must make restitution (including community restitution) to the attached list of payees in the amount listed below.**

**If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.**

| NAME OF PAYEE | TOTAL LOSS* | RESTITUTION ORDERED | PRIORITY OR PERCENTAGE |
|---|---|---|---|
| **"OXFORD", INC. - LIST OF INVESTORS** Victim List Provided to the Clerk's Office consisting of 5 pages. | $6,726,157.69 | $6,314.010.91 (Joint and Several with all Co-defendants) | 100% |

**Restitution with Imprisonment - It is further ordered that the defendant shall pay restitution in the amount of $6,314.010.91. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this Judgment in a Criminal Case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order. Upon release of incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the court may alter that payment schedule in the interests of justice. The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the court any material change in the defendant's ability to pay. These payments do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations.**

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Assessment due immediately unless otherwise ordered by the Court.

DEFENDANT: **DIANA P. LOVERA**
CASE NUMBER: **15-60317-CR-BLOOM-002**

**SCHEDULE OF PAYMENTS**

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A. Lump sum payment of $100.00 due immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

This assessment/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:

**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**400 NORTH MIAMI AVENUE, ROOM 08N09**
**MIAMI, FLORIDA 33128-7716**

The assessment/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

**Joint and Several: Restitution is owed jointly and severally by the defendant and co-defendants in the above case.**

| CASE NUMBER<br>DEFENDANT AND CO-DEFENDANT NAMES<br>(INCLUDING DEFENDANT NUMBER) and Joint and Several Amount: | TOTAL AMOUNT | JOINT AND SEVERAL AMOUNT |
|---|---|---|
| 15-60317-CR-BLOOM-001 Thomas A.Guerriero - $6,600,000.00<br>15-60317-CR-BLOOM-002 Diana P. Lovera – $6,314.010.91<br>15-60317-CR-BLOOM-003 Victor Lovera - $9,000.00<br>15-60317-CR-BLOOM-004 Edward R. Sachs - $809,775.00<br>15-60317-CR-BLOOM-006 Joseph Loish - $50,000.00<br>15-60317-CR-BLOOM-007 Steven L. Goldstein - $67,825.00<br>15-60317-CR-BLOOM-008 Steven Sharaf - $15,313.00<br>15-60317-CR-BLOOM-009 Frank Penaloza - $75,000.00 | $6,726,157.69 | $6,314.010.91 |

**The Government shall file a preliminary order of forfeiture within 3 days.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.